HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
ERIN M. SNIDER, CA Bar #304781
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA 93721
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
FREDRICK FLOYD DAWSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FREDRICK FLOYD DAWSON,<br><br>Defendant. | Case No. 1:22-cr-00107-SAB-1<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIN SNIDER; EXHIBIT A**<br><br>DATE:  August 2, 2022<br>TIME:  10:00 a.m.<br>JUDGE: Hon. Stanley A. Boone |

**TO: PHILLIP A. TALBERT, UNITED STATES ATTORNEY, AND JEFFREY SPIVAK, ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

**NOTICE IS HEREBY GIVEN** that on August 2, 2022, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Stanley A. Boone, United States Magistrate Judge, defendant Fredrick Floyd Dawson, through undersigned counsel, Assistant Federal Defender Erin M. Snider, will bring on for hearing the following motion to dismiss based on a violation of Mr. Dawson's right to a speedy trial.

**MOTION**

Mr. Dawson, by and through his counsel of record, hereby moves this Court for an order dismissing this case with prejudice due to a violation of Mr. Dawson's right to a speedy trial under the Speedy Trial Act. This motion is made pursuant to 18 U.S.C. §§ 3161(b) and 3162(a)(1), Federal Rule of Criminal Procedure 12, Eastern District of California Local Rule

Crim. 430.1, and such other statutory and constitutional rules as may be applicable.

This motion is based upon the instant motion and notice of motion, the accompanying memorandum of points and authorities, the files and records in the above-entitled case, and any and all other information that may be brought to the Court's attention before or during the hearing on this motion.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: July 6, 2022

*/s/ Erin M. Snider*
ERIN M. SNIDER
Assistant Federal Defender
Attorney for Defendant
FREDRICK FLOYD DAWSON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

On April 20, 2022, the government filed a single-count criminal complaint charging Fredrick Floyd Dawson with theft of government property, a Class A misdemeanor punishable by up to one year of imprisonment. *See* ECF #1. On April 24, 2022, Mr. Dawson was served with a summons in connection with the criminal complaint. *See* ECF #5; *see also* Ex. A, Executed Summons, at 1. The summons directed Mr. Dawson to appear in court to answer to the charge in the criminal complaint on June 7, 2022, at 9:00 a.m. On June 3, 2022, the government filed a single-count information charging Mr. Dawson with the same offense charged in the criminal complaint—that is, theft of government property, a Class A misdemeanor. Mr. Dawson made his initial appearance before this Court on June 7, 2022, at which time he entered a plea of not guilty.

## II. ARGUMENT

"The Speedy Trial Act applies to any case involving a defendant charged with an 'offense,' which includes not only felonies, but also Class A misdemeanors." *United States v. Fawster*, No. 1:12-MJ-364PAS, 2013 WL 4047120, at *2 (D.R.I. Aug. 9, 2013) (citing 18 U.S.C. §§ 3161 and 3172(2)); *see also United States v. Boyd*, 214 F.3d 1052, 1055 (9th Cir. 2000) (citing 18 U.S.C. § 3172(2)). The Act "creates specific time limits to ensure the implementation of the constitutional right to a speedy trial." *Fawster*, 2013 WL 4047120, at *2 (citing *United States v. Pollock*, 726 F.2d 1456, 1459-60 (9th Cir. 1984)). As relevant here, the Act requires the government to file "any information or indictment charging an individual with the commission of an offense . . . within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).

In this case, the government served Mr. Dawson with a summons in connection with the charge in the criminal complaint on April 24, 2022. The government did not file the information until June 3, 2022—forty days after it served Mr. Dawson with the summons. Accordingly, the government failed to comply with the time limit set forth in 18 U.S.C. § 3161(b).

Pursuant to 18 U.S.C. § 3161(a)(1), if the government fails to file an indictment or

information within the time limit set forth in 18 U.S.C. § 3161(b), the charge against the defendant "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1); *see also Pollock*, 726 F.2d at 1462 ("The triggering of the sanction is unambiguous: if the indictment is not filed within 30 days of arrest, the charge contained in the complaint shall be dismissed." (citations omitted)); *United States v. Antonio*, 705 F.2d 1483, 1486 (9th Cir. 1983) (holding that § 3162 "leaves no discretion whether to dismiss the charge in the complaint"). Such dismissal may be with or without prejudice, depending on the court's weighing of various factors, including: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1).

In this case, this Court should dismiss the charge against Mr. Dawson with prejudice. Several district courts have recognized that in the case of Class A misdemeanors, the first factor—the seriousness of the offense—"weighs heavily in favor of dismissal with prejudice," as a Class A misdemeanor is one of "the least serious offenses prosecuted in federal court." *United States v. Nash*, No. 2:08-mj-00678-RJJ-RJJ, 2010 WL 702438, at *2 (D. Nev. Feb. 19, 2010); *accord Fawster*, 2013 WL 4047120, at *4; *see also United States v. Lambson*, Case No. CR 17-27-M-DLC, 2018 WL 443453, at *2 (D. Mont. Jan. 16, 2018) ("[T]he Court is satisfied that the classification of the crime of 'false official writing' as a Class A misdemeanor indicates that the offense is not serious."); *United States v. Montecalvo*, 861 F. Supp. 2d 110, 115 (E.D.N.Y. 2012) ("[T]he large majority of courts to assess this factor have found that the crime at issue is not serious when it is a misdemeanor charge."); *United States v. Rodriguez-Gutierrez*, Case No. CR-07-242 HRL, 2007 WL 1520951, at *2 (N.D. Cal. May 22, 2007) (dismissing with prejudice, in part, because the offense at issue was a misdemeanor).

As to the second factor—the facts and circumstances of the case which led to the dismissal—the defense has no reason to believe the government acted in bad faith and the ten-day delay at issue is not exceptionally long. Nevertheless, this factor weighs somewhat in favor of dismissal. According to the criminal complaint, the alleged offense occurred between 2018 and March 20, 2021, and law enforcement officers interviewed Mr. Dawson regarding the

alleged offense on May 5, 2021. Thus, the government sat on this charge for nearly a year before filing the criminal complaint on April 20, 2022. Delays in the government's prosecution have persisted even after it filed the criminal complaint. For example, discovery was due on June 21, 2022. *See* ECF #8 (ordering discovery within two weeks of the June 7, 2022 initial appearance). On June 21, 2022, the government provided defense counsel a criminal history report and a video recording of Mr. Dawson's May 5, 2021 interview with law enforcement officers. Declaration of Erin Snider, ¶ 3. The government explained via email that additional discovery—consisting of "various excel files, PDFs, pictures, etc."—exists but the government's files are corrupt. *Id.* The government stated that the agency would be resending the files, at which time the government would produce the remaining discovery to defense counsel. *Id.* To date, the defense has not received any additional discovery. *Id.* ¶ 4. The government's failure to have discovery ready is perplexing given that the government was well-aware of its discovery obligations two months ago when it filed the criminal complaint and served Mr. Dawson with the summons. In short, while the ten-day delay in filing the information may not by itself weigh heavily in favor of dismissal with prejudice, that delay is part of a larger pattern of dilatory conduct in this case.

Finally, the third factor—the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice—weighs in favor of dismissal with prejudice. The Speedy Trial Act violation at issue here is far from an isolated incident; indeed, the government has exhibited a pattern of neglect in administering the Speedy Trial Act in the context of Class A misdemeanors. *See, e.g.*, *United States v. Salcedo*, Case No. 1:22-cr-00070-SAB-1 (E.D. Cal.) (information filed fifty-one days after service of summons); *United States v. Horsman*, Case No. 1:22-cr-00106-SAB (E.D. Cal.) (information filed thirty-one days after service of summons); *United States v. Armenta*, Case No. 5:20-mj-00046-JLT (E.D. Cal.) (indictment or information never filed and the government moved for dismissal of the Class A misdemeanor charge 134 days after service of summons); *United States v. Goyeneche*, Case No. 5:17-cr-00001-JLT (E.D. Cal.) (indictment or information never filed and 109 elapsed under the Speedy Trial Act prior to the defendant agreeing to exclude time); *United States v. Granados*,

Case No. 5:15-cr-00001-JLT-1 (E.D. Cal.) (indictment or information never filed and case dismissed following the defendant's motion to dismiss for failure to file a timely indictment or information); *United States v. Villani*, Case No. 5:14-cr-00012-JLT (E.D. Cal.) (indictment or information never filed and case dismissed following the defendant's motion to dismiss for failure to bring the defendant to trial within the seventy days prescribed by the Speedy Trial Act). It is particularly noteworthy that the defense has twice moved for dismissal in cases in which the government failed to file a timely information,[1] and yet the government continues to be unaware of its obligation to file an indictment or information within the time limit prescribed by 18 U.S.C. § 3161(b). Dismissal with prejudice will send a strong message to the government that it must comply with the mandates of the Act. *See United States v. Clymer*, 25 F.3d 824, 832 (9th Cir. 1994) (finding that dismissal with prejudice was warranted where, years after the Ninth Circuit issued decisions clarifying the appropriate use of the "ends of justice" exclusion, the district court and the government "appeared to remain unaware" of the requirement set forth in those cases); *Nash*, 2010 WL 702438, at *3 (dismissing a charge with prejudice in light of the "disturbing trend" in failing to comply with the Speedy Trial Act in cases charging Class A misdemeanors).

///

///

///

---

[1] Specifically, in *United States v. Granados*, Case No. 5:15-cr-00001-JLT-1 (E.D. Cal.), the defense moved for dismissal on the basis that the government never filed an indictment or information. Although the defense cited Federal Rule of Criminal Procedure 58 as the basis of the motion, the defense cited in support of its motion the Ninth Circuit's decision in *Boyd*, 214 F.3d 1052—a case addressing a challenge under the Speedy Trial Act. *See* Motion to Dismiss, *United States v. Granados*, Case No. 5:15-cr-00001-JLT-1 (E.D. Cal. Mar. 20, 2015), ECF No. 7. The defense likewise moved for dismissal in *United States v. Villani*, Case No. 5:14-cr-00012-JLT (E.D. Cal.), on the basis of a violation of 18 U.S.C. § 3161(c), which governs the time limit within which trial must commence. In support of the motion, the defense specifically noted that the government routinely failed to file an indictment or information in cases charging Class A misdemeanors. *See* Motion to Dismiss, *United States v. Villani*, Case No. 5:14-cr-00012-JLT (E.D. Cal. Mar. 20, 2015), ECF No. 7.

Dawson: Motion to Dismiss;
Memorandum of Points and Authorities

4

### IV.   CONCLUSION

In light of the foregoing, Mr. Dawson requests that this Court grant his motion to dismiss and dismiss this case with prejudice.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: July 6, 2022              */s/ Erin M. Snider*
                                ERIN M. SNIDER
                                Assistant Federal Defender
                                Attorney for Defendant
                                FREDRICK FLOYD DAWSON